The opinion of the Court was delivered by
Johnson, J.
In criminal proceedings, especially, the utmost strictness is necessary, that the party accused may be fully apprised of the specific charge for which he is called to answer. Hence, it is necessary in every indictment for a particular offence, to state with accuracy the manner of its commission j[1] at least that part of the charge should substantially correspond with the evidence adduced to support it. 2 Hale, P. C. 184. Thus, if an indictment for murder charges that the death ensued from a blow given by a weapon, and it be proven that the death ensued from poisoning or strangling, it will not maintain the indictment, for the manner of the death is not the same. 2 Hale, 185. On the same principle, if several are jointly charged with an offence, in which the concurrence of several are necessary to its perpetration, as in the case of a riot, proof of the commission by one of the defendants with other persons than those named in the indictment, would not support it, for the reason before given, that the manner of the offence should be certainly laid.
It is not intended to evade the position of the solicitor, opposed to this motion, that several persons may be indicted for the same offence, and some may be convicted and some acquitted, the correctness of which *is admitted; but the application of it to this case is denied, That rule applies to all cases where several are indicted for the L ■* same offence, and the practice in this State, so far as I am conversant with it, is not to include several defendants in the same indictment for distinct offences, although of the same character, unless they are depen-dant one upon another, as principal and accessaries ; but I find, upon examination of the English authorities, they are admissible, with this restriction, that the offence must be laid severally; as in the case where several were indicted for erecting several inns, ad commune nocumen-tum, but in the language of the authority, it must be laid separatim erexerent, and for the want of the word, “ separatim,” the indictment was quashed. 2 Hale, P. C. 114.
May, for the motion. Evans, Solicitor, contra.
Let us apply these rules to the present ease. The defendant was indicted with the three other persons, for an offence which one person alone was incapable of committing, for an individual cannot play at cards alone, and the indictment does not charge the offence to have been done severally ; and as more than one was necessary to the commission of the offence, the inference is, that it was jointly done ; the defendant could not therefore be prepared to meet a charge for playing with other persons ; or, in other words, the offence proved is not that contained in the indictment. The motion must, therefore, be granted.
Colcook, HdgeR and Richardson, JJ., concurred.
See 8 Rich. 312; 10 Rich. 374 ; 3 Rich. 174.

 4 McC. 473.